```
              IN THE UNITED STATES DISTRICT COURT
               FOR THE SOUTHERN DISTRICT OF OHIO
                         EASTERN DIVISION
```

Bernard A. Tilton,

      Plaintiff,

   v.                       Case No. 2:12-cv-408

Carolyn W. Colvin,
Acting Commissioner of
Social Security,

      Defendant.

<u>ORDER</u>

    Plaintiff, Bernard A. Tilton, brings this action under 42 U.S.C. §§ 405(g) for review of a final decision of the Commissioner of Social Security ("Commissioner") denying his application for disability insurance benefits.  This matter is before the court for consideration of defendant's June 14, 2013, objections to the June 6, 2013, report and recommendation of the magistrate judge, recommending that the court remand this action for further proceedings before the administrative law judge ("ALJ").  For the reasons stated below, the court overrules defendant's objections and adopts the magistrate judge's report and recommendation.

<u>I. Standard of Review</u>

    If a party objects within the allotted time to a report and recommendation, the court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b).  Upon review, the court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1).

The court's review "is limited to determining whether the Commissioner's decision 'is supported by substantial evidence and was made pursuant to proper legal standards.'" *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 512 (6th Cir. 2010) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)); *see also*, 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive."). Put another way, a decision supported by substantial evidence is not subject to reversal, even if the reviewing court might arrive at a different conclusion. *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986). "Substantial evidence exists when 'a reasonable mind could accept the evidence as adequate to support a conclusion [and] . . . presupposes that there is a zone of choice within which the decision-makers can go either way, without interference by the courts.'" *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (internal citation omitted). Even if supported by substantial evidence, however, "'a decision of the Commissioner will not be upheld where the [Commissioner] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.'" *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009) (quoting *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007).

II. Defendant's Objections

Defendant objects to the finding of the magistrate judge that the ALJ did not properly determine the weight to be given the opinion of Dr. Jeffrey Williams, D.O., plaintiff's treating physician.

The Commissioner has implemented regulations concerning how medical opinions, including those of a treating physician, are to be weighed. The Commissioner has also issued a policy statement, Social Security Ruling 96-2p, 1996 WL 374188 (Soc. Sec. Admin. July 2, 1996), to guide an ALJ's assessment of a treating-source opinion. An opinion from a medical source who has examined a claimant is generally given more weight than one from a source who has not performed an examination. 20 C.F.R. §§404.1502, 404.1527(c)(1). An opinion from a medical source who regularly treats the claimant is afforded more weight than one from a source who has examined the claimant but does not have an ongoing treatment relationship. 20 C.F.R. §§404.1502, 404.1527(c)(2).

Treating-source opinions must be given "controlling weight" if: (1) the opinion "is well-supported by medically acceptable clinical and laboratory diagnostic techniques"; and (2) the opinion "is not inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. §404.1527(c)(2). The term "substantial evidence" denotes a quality of evidence amounting to "such relevant evidence as a reasonable mind would accept as adequate to support a conclusion that is contrary to the conclusion expressed in the medical opinion." Soc. Sec. Rul. No. 96-2p, 1996 WL 374188 at *3. The conflicting substantial evidence "must consist of more than the medical opinions of nontreating and nonexamining doctors." *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 377 (6th Cir. 2013)

Even if the opinion of the treating doctor does not meet these "controlling weight" criteria, this does not mean that the opinion must be rejected; rather, it "may still be entitled to deference and be adopted by the adjudicator." Soc. Sec. Rul. No. 96-2p, 1996

3

WL 374188 at *1. If the Commissioner does not give a treating-source opinion controlling weight, then the opinion is weighed based on factors such as the length, frequency, nature, and extent of the treatment relationship, the treating source's area of specialty, and the degree to which the opinion is consistent with the record as a whole and is supported by relevant evidence. C.F.R. §404.1527(c)(2)-(6); *Gayheart*, 710 F.3d at 376. An opinion which does not warrant controlling weight "still must be weighed as the regulations prescribe, with no greater scrutiny being applied to [the treating physician's] opinions than to those of the nontreating and nonexamining sources." *Gayheart*, 710 F.3d at 380.

If a treating source opinion is not deemed controlling, opinions from nontreating and nonexamining sources must be weighed based on the examining relationship or lack thereof, specialization, consistency and supportability. §404.1527(c); *Gayheart*, 710 F.3d at 376. Policy also requires ALJs to consider opinions by state agency physicians and consultants and to "explain the weight given to these opinions in their decisions." Soc. Sec. Rule No. 96-6p, 1996 WL 374180 at *1 (Soc. Sec. Admin. July 2, 1996).

The Commissioner is required to provide "good reasons" for discounting the weight given to a treating-source opinion. §404.1527(c)(2). These reasons must be "supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." Soc. Sec. Rul. No. 96-2p, 1996 WL 374188 at *5; *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 242 (6th Cir. 2007). This procedural

requirement "ensures that the ALJ applies the treating physician rule and permits meaningful review of the ALJ's application of the rule." *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004). The Sixth Circuit has stated that it will not hesitate to remand when the Commissioner has not provided good reasons for the weight given to a treating physician's opinion. *Gayheart*, 710 F.3d at 380.

As noted by the magistrate judge, documents in the record reflect that Dr. Williams began treating plaintiff on January 25, 2002. R. 255-56. On January 14, 2004, plaintiff complained about problems sleeping, and on January 5, 2005, Dr. Williams noted that plaintiff had sleep apnea. R. 253-54. On May 8, 2006, and June 14, 2006, plaintiff was seen by Dr. Williams for chronic left wrist carpal tunnel syndrome and chronic low back pain. R. 217-218. On November 8, 2006, Dr. Williams diagnosed plaintiff as having chronic low back pain, sleep apnea, hyperlipidemia and osteoarthritis. R. 216. On March 7, 2008, plaintiff saw Dr. Williams again for low back and elbow pain. R. 312. On May 11, 2009, Dr. Williams diagnosed plaintiff as having sleep apnea, narcolepsy, chronic low back pain, chronic knee pain, chronic tenosynovitis of the hands and wrist, and hyperlipidemia. R. 309. On September 30, 2009, Dr. Williams completed a medical source statement documenting his opinion as to plaintiff's limited capacity to stand, walk, sit, lift, and use his hands and feet. R. 328-331.

In his decision issued on May 13, 2010, the ALJ referred to isolated portions of Dr. Williams' treatment records. The ALJ noted that on May 8, 2006, Dr. Williams, plaintiff's primary care

5

physician, prescribed Percocet for low back and wrist pain. R. 17. The ALJ indicated that plaintiff had been prescribed periodic prescriptions for the narcotic pain reliever Percocet for low back pain, and that plaintiff "only briefly mentioned this problem to Dr. Williams in May 2009." R. 13. The ALJ also summarized the medical source statement completed by Dr. Williams on September 30, 2009. R. 17-18.

> In weighing the opinion evidence, the ALJ noted that
>
> in the present case, the opinion assessed by Dr. Williams in September 2009 is work prohibitive. This opinion is not supported by the medical evidence of record and is so extreme that it is not worthy of belief. The possibility always exists that a doctor may express an opinion in an effort to assist a patient with whom he or she sympathizes for one reason or another. Another reality which should be mentioned is that patients can be quite insistent and demanding in seeking supportive notes or reports from their physicians, who might provide such a note in order to satisfy their patient's request and avoid unnecessary doctor/patient tension. While it is difficult to confirm the presence of such motives, this treating source seems to be particularly sympathetic with the claimant.

R. 19-20. The ALJ then went on to accept the opinions of the state agency nontreating medical sources, noting that they "are consistent with and are well supported by the objective medical evidence and accepted as an accurate representation of the claimant's status." R. 20.

> In his report and recommendation, the magistrate judge noted:
>
> Here, the administrative law judge failed to provide "good reasons" for either prong of the test for controlling weight. The administrative law judge made conclusory statements without any reference to supporting evidence. Although he asserted that Dr. Williams' [opinion] was not supported by the medical record, he did not identify what evidence in that record led him to that conclusion.

6

Doc. 16, p. 20.

The magistrate judge further concluded that the ALJ erred by ending his evaluation of Dr. Williams' opinion prematurely, instead of going on to determine what weight to assign each source, including Dr. Williams' opinion, using the factors in §404.1527(c). Doc. 16, p. 21.  The magistrate judge noted plaintiff's arguments that the opinion of Dr. Williams should be controlling because: (1) Dr. Williams had treated plaintiff for his impairments; (2) Dr. Williams had access to treatment notes and test results of the consultative physicians; and (3) his opinion was based on his lengthy treatment of plaintiff from before the alleged onset of disability through the hearing before the ALJ, as well as his personal knowledge of plaintiff.  Doc. 16, p. 21.  The magistrate judge then stated, "The administrative law judge, however, neglected to consider any of these factors when evaluating Dr. Williams' opinion."  Doc. 16, p. 21.  The magistrate judge recommended that the case should be remanded for the ALJ to determine if there are good reasons to find that Dr. Williams' opinion is not controlling, and, if it is not, for the ALJ to evaluate all the medical source evidence and determine what weight to assign to each source, including the treating sources. Doc. 16, p. 21.

Defendant argues that the ALJ was justified in not giving Dr. Williams' opinion controlling weight because his opinion was not supported by clinical observations or objective evidence. Doc. 17, p. 5. Defendant notes that in an earlier section of the decision, the ALJ referred to various information from Dr. Williams' treatment notes.  Defendant then argues that these treatment

7

records did not support Dr. Williams' opinion, and that Dr. Williams failed to adequately explain his conclusions regarding plaintiff's work restrictions. Doc. 17, p. 4.

Defendant's analysis of the record evidence in her objections cannot satisfy the ALJ's obligation to conduct his own analysis of whether controlling weight should be accorded Dr. Williams' opinion, and to provide "good reasons" for why the opinion failed to meet the two prongs of the treating physician controlling weight test. *See Gayheart*, 710 F.3d at 376-77 (noting that the failure to provide "good reasons" for not giving the treating physician's opinions controlling weight "hinders a meaningful review of whether the ALJ properly applied the treating-physician rule that is at the heart of this regulation"). The "adjudicator" must decide whether the treating source's medical opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques." 20 C.F.R. §404.1527(c)(2); Soc. Sec. Rul. No. 96-2p, 1996 WL 374188 at *2. Likewise whether a medical opinion "is not inconsistent with the other substantial evidence in [the] case record" is "a judgment that adjudicators must make in each case." 20 C.F.R. §404.1527(c)(2); Soc. Sec. Rul. No. 96-2p, 1996 WL 374188 at *3.

Here, the ALJ simply stated that the opinion of Dr. Williams "is not supported by the medical evidence of record and is so extreme that it is not worthy of belief." The ALJ did not identify the "medical evidence of record" on which he was relying. His statement says nothing about whether or not Dr. Williams' opinion was supported by medically acceptable clinical and laboratory diagnostic techniques. It also fails to describe any "substantial

evidence" in the record which the ALJ found to be inconsistent with Dr. Williams' opinion.  The cursory statements of the ALJ are insufficient to permit a meaningful review of whether the ALJ properly applied the controlling weight test.  The court agrees with the finding of the magistrate judge that the ALJ in this case failed to adequately explain his findings under the "controlling weight" test.

The magistrate judge further noted that the ALJ erred because, after concluding that Dr. Williams' opinion was not entitled to controlling weight, he failed to evaluate all of the medical source evidence or to determine what weight to assign to each source by applying the factors in §404.1527(c).  Defendant argues that the ALJ was not required to address each of the §404.1527(c)(2) factors verbatim, and that the ALJ provided "good reasons" for discounting Dr. Williams' opinion.  However, any "good reasons" for discounting the weight given to a treating-source opinion must be "supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight."  *Rogers*, 486 F.3d at 242.

The ALJ's discussion of plaintiff's treatment relationship with Dr. Williams was cursory at best.  The ALJ referred briefly to the fact that Dr. Williams was plaintiff's primary care physician, and noted the September 30, 2009, medical source statement completed by Dr. Williams and the fact that Dr. Williams periodically prescribed Percocet for plaintiff.  R. 13, 17-18.  However, the ALJ engaged in no analysis of how this information and other relevant factors, such as the length of the treatment

9

relationship, the frequency of examination, or Dr. Williams' area of specialization, influenced his determination that Dr. Williams' opinion was entitled to little weight. The ALJ did not describe how Dr. Williams' opinion was inconsistent with the record as a whole and was not supported by relevant evidence. He did not explain why he felt that Dr. Williams' opinion was "extreme" or why he concluded that Dr. Williams' opinion in particular was based solely on sympathy for the plaintiff as opposed to his clinical observations over a long course of treatment.

The ALJ also failed to apply the §404.1527(c) factors to the other medical opinions and did not explain the weight being assigned to each of these opinions. He summarily stated that the opinions of the state agency sources "are consistent with and are well supported by the objective medical evidence" but did not point to any specific evidence upon which he relied in arriving at this conclusion.

The court agrees with the opinion of the magistrate judge that the ALJ's decision is inadequate to permit a meaningful review of how the ALJ assigned weight to all of the medical source evidence in the record.

III. Conclusion

For the reasons stated above, the court overrules the Commissioner's objections (Doc. 17), adopts the magistrate judge's report and recommendation (Doc. 16), reverses the Commissioner's non-disability finding, and remands this case to the Commissioner under Sentence Four of § 405(g). On remand, the administrative law judge shall determine if there are good reasons to find that Dr. Williams' opinion is not controlling, and if it is not, then the

10

administrative law judge shall evaluate all the medical source evidence and determine what weight to assign to each source, including the treating sources.

    It is so ordered.

Date: August 9, 2013                     <u>s/James L. Graham</u>
                                            James L. Graham
                                            United States District Judge